THE EAGLE AND PHENIX MANUFACTURING COMPANY, plaintiff in error, *vs.* JESSE J. BRADFORD, trustee, defendant in error.

1. Although more than seven years may have elapsed between entries on an execution, yet the judgment does not thereby become dormant if the defendant in *fi. fa.*, during that interval, was actively litigating with plaintiff by illegality and by bill in equity.
2. In a contest between plaintiff and claimant, where objection is taken to the execution, and a motion is made to dismiss the levy because the judgment is dormant, the records of the illegality and the bill filed are admissible.
3. If the claimant occupies any better position than defendant in *fi. fa.*, from which the above evidence would be inadmissible as against him, it is incumbent upon him to show it by competent testimony.

Claim. Judgments. Levy and sale. Evidence. Before Judge CRAWFORD. Muscogee Superior court. May Term, 1877.

Reported in the decision.

The Eagle and Phenix Manufacturing Co. vs. Bradford, trustee.

PEABODY & BRANNON; JAMES JOHNSON, for plaintiff in error.

R. J. MOSES; BLANDFORD & GARRARD, for defendant.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury found that certain described parts of the property levied on and claimed, were subject to the plaintiff's *fi. fa.* The case was brought here on a bill of exceptions to the rulings of the court below, from which it appears that on the 13th December, 1859, Van Leonard, as trustee of the Howard Manufacturing Company, recovered a judgment in Muscogee superior court against the Water Lot Company of the city of Columbus, for the principal sum of $3,033. On the 18th of September, 1867, an execution was issued from this judgment against the Water Lot Company. The first entry that appears upon this execution is a levy by G. W. Martin, sheriff, upon certain water lots as the property of the defendant, dated April 1, 1868.

The next entry is as follows, to-wit:

" The sheriff will advertise the above lots for November sales, and give notice to Eagle and Phenix Manufacturing Company, John J. Grant and Water Lot Company, tenants in possession.                                    R. J. MOSES,

" October 4, 1875.               " Attorney for plaintiff."

The next entry is as follows:

" Advertised property levied on for November sales, 1875, and served a notice on John J. Grant, Eagle and Phenix Manufacturing Company, Water Lot Company, tenants in possession, directing the latter by mail to R. M. Gunby, president, Fort Valley, Ga.             JOHN R. IVEY,

" October 7, 1875.                             " Sheriff."

The further entries are as follows, to-wit:

" Claim having been interposed within terms of law, I hereby turn over all the papers to the court this, the 2d day of November, 1875.             JOHN R. IVEY, Sheriff."

The Eagle and Phenix Manufacturing Co. *vs.* Bradford, trustee.

"Levy dismissed by order of court, on trial of claim, at November term, 1876. GEORGE Y. POND, Clerk."

"CLERK'S OFFICE, Muscogee county, March 5, 1877.

"It appearing that F. M. Brooks, a former clerk of this court, in issuing this execution, did omit, in the twelfth line, after the words 'Water Lot Company,' to insert the words 'of the city of Columbus,' I have this day amended the same by inserting as above the words 'of the city of Columbus,' so that said execution now reads 'against the Water Lot Company of the city of Columbus,' instead of as heretofore 'against the Water Lot Company;' said amendment made by me to correct said clerical error, and to make this execution follow the judgment rendered against the Water Lot Company of the city of Columbus; and I have further amended by adding, 'and their lawful deputies.'

"GEORGE Y. POND, Clerk."

These amendments were actually made by the clerk, and the execution did read as amended.

After the amendments had been made, the following entries appear, to-wit:

Levy by J. G. Burrus, sheriff of Muscogee county, dated March 5, 1877, upon divers water lots and water power, all fully described as the property of the defendant in *fi. fa.*, signed by the sheriff.

"Notified parties in possession according to law.

"March 5, 1877. J. G. BURRUSS,

"Sheriff Muscogee county."

"Claim interposed and sale stopped, and papers handed clerk of court. J. G. BURRUSS,

"March 5, 1877. "Sheriff."

"This *fi. fa.* proceeds for the use of J. J. Bradford, trustee.

"March 7, 1877. R. J. MOSES,

"Attorney for plaintiff."

The claim under the levy of March, 1877, came on to be tried at the May term, 1877, and was tried on the 4th day of June, 1877.

Upon the trial of said case, plaintiff introduced and of-

The Eagle and Phenix Manufacturing Co. *vs.* Bradford, trustee.

fered to read in evidence to the jury the original execution as amended, together with the entries thereon.

Whereupon counsel for claimant objected to the introduction of said *fi. fa.* with its entries and amendment, upon the ground that it appeared from the face of the execution as offered, that no entry had been made upon said execution by any officer authorized to make a return for more than seven years, to-wit: from April, 1868, to October, 1875.

Counsel for claimant also moved to dismiss the levy upon the same ground.

Upon such objection and motion being made, counsel for plaintiff offered to put in evidence, in connection with said *fi. fa.* and entries, the following, to-wit:

An affidavit of illegality, filed by the defendant in *fi. fa.*, to the levy of 1868, upon the ground that the judgment was dormant, because no execution was issued within seven years from the date of the judgment. This affidavit was sustained by the superior court, and the judgment declared dormant May term, 1873. This decision was carried to the supreme court, and the judgment reversed; and the judgment of the supreme court made the judgment of the superior court, 26th May, 1874.

Also, a bill in equity filed by the defendant in *fi.. fa.*, and reciting the levy of 1868 to have been made upon the property of the said defendant, and claiming the right to set off a certain claim for repairs and expenses made by defendant upon the lot purchased by plaintiff of defendant; and praying an injunction to restrain and enjoin the sheriff from executing said levy until the further order of the court.

Upon which bill an injunction was issued as follows, to-wit:

"At Chambers, December 19, 1868.

"Read and sanctioned. Let the state's writ of injunction issue as prayed for by the complainant in the sum of five thousand dollars, and let such other proceedings be had as are usual in chancery. Given under my hand and official signature.                    Edmund H. Worrill,

"J. S. C. C. C."

The Eagle and Phenix Manufacturing Co. *vs.* Bradford, trustee.

Also, an injunction bond in the sum of five thousand dollars, dated 21st December, 1868, signed by R. M. Gunby, president Water Lot Company of the city of Columbus, and W. H. Young, security.

This bill was demurred to, and the demurrer sustained, and the bill dismissed, June 29, 1875.

Counsel for claimant objected to the introduction both of the illegality and bill in equity, upon the grounds that they were irrelevant and between other parties, and not binding on the claimant. The court overruled all said objections of claimant, and allowed all the evidence offered to be read to the jury. The illegality and the bill in equity were allowed to be read for the purpose of rebutting the presumption of dormancy raised by return and levy on the *fi. fa.*

The court also refused the motion to dismiss the levy.

The errors assigned are:

1. The introduction of the *fi. fa.*
2. The introduction of the illegality.
3. The introduction of the bill.
4. The refusal to dismiss the levy.

1. The first question presented for our consideration is, was the execution levied on the property in dispute dormant as to the defendant therein, and was the evidence offered by the plaintiff admissible for the purpose of showing that it was not dormant in this case? According to the ruling of this court in *Ector vs. Ector*, 25 *Ga. Rep.*, 274, and other cases, the execution was not dormant as to the defendant.

2, 3. But the theory of the claimant is, that although the execution may not have been dormant as to the defendant, still it is dormant as to innocent purchasers and vigilant *bona fide* creditors. The reply is, that there is nothing in the record going to show that the claimant was an innocent purchaser for a valuable consideration; for aught that appears to us, the claimant may have purchased the property in dispute from the defendant in *fi. fa.* after the date of the judgment, and therefore have been a privy in estate with

The Eagle and Phenix Manufacturing Co. vs Bradford, trustee.

the defendant in *fi. fa.* To sustain the alleged ground of error in admitting the testimony objected to, it was incumbent on the plaintiff in error to have shown affirmatively that the claimant was an innocent purchaser of the property, even if that would have protected it, unless it had shown that it was a *bona fide* purchaser of the property for a valuable consideration, and had been in the possession thereof for four years. There is no evidence in the record w en the claimant purchased the property, or from whom it purchased it, or what it paid for it. It was incumbent on the plaintiff in error here to have shown from the record such a state of facts as would have made it affirmatively appear that the court below erred in its judgment in admitting the evidence objected to, and in overruling the motion for a new trial. The judgment was not dormant, according to the previous rulings of this court as to the defendant in *fi. fa.*, and there is nothing in the record going to show that the claimant occupies any better position in that respect than the defendant. If the claimant did in fact occupy a better position than the defendant in *fi. fa.* in regard to the dormancy of the judgment in the court below, it was incumbent on it as plaintiff in error, to have affirmatively shown it here, by the evidence in the record, before it could claim a reversal of the judgment of the court below. Although the fact is not entered on the *fi. fa.* by the sheriff, still it is apparent from the records of the courts of the state offered in evidence, that the plaintiff's *fi. fa.* has not by any means been sleeping, but, on the contrary, has been engaged for years in a vigorous contest with the defendant, and therefore it is not within the reason or spirit of the dormant judgment act, as heretofore interpreted by this court. In view of the facts as disclosed by the record, we find no error in overruling the motion for a new trial upon any of the grounds contained therein.

Let the judgment of the court below be affirmed.